**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1747
_____

CLARENCE L. OWENS;
FRANCES ROGERS,
                            Appellants

v.

ROBERTSON ANSCHUTZ  SCHNEID CRANE & PARTNERS PLLC;
JOHN KUNDRAT; DUANE MORRIS LLP;
BRETT L. MESSINGER; BRIAN J. SLIPAKOFF;
ONITY GROUP INC, f/k/a Ocwen Financial Corporation;
PHH MORTGAGE CORP., a/k/a PHH Mortgage;
NEWREZ LLC; U.S. BANK NATIONAL ASSOCIATION;
NEW RESIDENTIAL INVESTMENT CORP.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:24-cv-07142)
District Judge:  Honorable Karen M. Williams
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed May 29, 2026)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Clarence Owens and Frances Rogers ("Rogers") appeal pro se from an order of the District Court dismissing their civil complaint. For the following reasons, we will affirm in part, and vacate in part, the District Court's judgment.

On November 28, 2006, Roger's late husband, Thomas U. Rogers, executed and delivered a promissory note to New Century Mortgage Corporation ("New Century") in the amount of $190,800 ("the note"), secured by a mortgage ("the mortgage") executed the same day by Thomas and Frances Rogers in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for New Century, its successors, and assigns. The Mortgage, which granted a first priority mortgage on the Rogers' property located at 11 Stafford Lane, Willingboro, New Jersey ("the property"), was recorded.

The note and mortgage were purportedly placed in a securitized trust (the "GSAMP Trust"), and assigned or sold multiple times thereafter, from MERS to Bank of America, National Association (BOA), to U.S. Bank National Association ("U.S. Bank"), which claims to be the current holder of the note. Since 2009, when Thomas Rogers purportedly defaulted on the loan, the property has been the subject of two foreclosure actions in New Jersey Superior Court. The first, filed that same year by BOA, as the purported Trustee of the GSAMP Trust, was voluntarily dismissed in 2013.

While that matter was pending, in 2012, Rogers filed a 99-page complaint in the United States District Court for the District of New Jersey against BOA, the GSAMP Trust, and others, alleging a "deliberate racketeering mortgage related scheme to illegally

2

foreclose on [her]." D.N.J. Civ. No. 1:12-cv-07910, ECF 1 at 5 ("*Rogers I*").[1] The District Court gave Rogers several opportunities to amend the complaint, and ultimately dismissed her fourth amended complaint with prejudice pursuant to 28 U.S.C. § 1915(e) and under Federal Rule of Civil Procedure 8, for failing to provide a short and plain statement for relief. Rogers' appeal was dismissed as untimely.

In 2015, U.S. Bank filed the second foreclosure complaint against Rogers. The New Jersey Superior Court, Chancery Division, granted summary judgment to U.S. Bank, *see* D.N.J. Civ. No. 1:24-cv-07142, ECF No. 26-14, which obtained a final foreclosure judgment in December 2020. On appeal, the Superior Court, Appellate Division, reversed and remanded after determining that U.S. Bank failed to show that it possessed both the note and the mortgage when it filed its foreclosure complaint, and, thus, that it had standing to foreclose.

On remand, the Chancery Division granted U.S. Bank's motion to add Owens as a defendant, noting, inter alia, that he had identified himself as a "joint owner" of the property and had previously sought to intervene in the matter. Later, in June 2025, the Chancery Division determined that U.S. Bank had standing to foreclose, granted summary judgment in its favor, and transferred the matter to the Office of Foreclosure to proceed uncontested. In January 2026, Owens filed for bankruptcy, and the state court matter was stayed under the automatic stay in bankruptcy. *See In re Congoleum Corp.*,

---

[1] All ECF page references are to the PDF version of the document.

426 F.3d 675, 679 n.2 (3d Cir. 2005) (noting that the Court may take judicial notice of relevant state court proceedings).

Meanwhile, in June 2024, Rogers and Owens ("Appellants") filed the underlying complaint in the District Court against U.S. Bank and various law firms, attorneys, and loan servicing companies. *See* D.N.J. Civ. No. 1:24-cv-07142, ECF 1 (hereafter "*Rogers II*"). Owens claimed that he "has maintained possession and ownership" of the property since 2012. The operative amended complaint alleged, inter alia, that the 2006 mortgage and loan by New Century was a "fraud in factum," the mortgage and loan were not properly assigned to the GSAMP trust, the "debt collector defendants" had no right to enforce the loan, and U.S. Bank lacked standing to foreclose. *See* ECF No. 4. Appellants sought declaratory judgments and cited as bases for relief the Fair Debt Collection Practices Act (FDCPA), the New Jersey Consumer Fraud Act (NJCFA), New Jersey's Civil RICO Act, malicious abuse of process, fraud, emotional distress, "respondeat superior," and "quiet title," as well as federal civil rights statutes, 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986.

The defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on various grounds including statute of limitations, New Jersey's litigation privilege, res judicata, and the *Colorado River* abstention doctrine.[2] In a ruling delivered from the bench, the District Court agreed that the state foreclosure proceeding was parallel to *Rogers II* and that extraordinary circumstances warranted abstention under

_____

[2] *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976).

4

the *Colorado River* doctrine. The District Court alternatively rejected the claims on statute of limitations grounds, as barred by res judicata and collateral estoppel in light of *Rogers I*, and, with respect to four of the claims, determined that the defendants were immune from liability under New Jersey's litigation privilege. Accordingly, the District Court dismissed the complaint with prejudice. Rogers and Owens timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a dismissal pursuant to Rule 12(b)(6). *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). We may affirm the judgment on any grounds supported by the record, including those not reached by the District Court. *See OSS Nokalva, Inc. v. Eur. Space Agency*, 617 F.3d 756, 761 (3d Cir. 2010).

At the outset, for the reasons explained in the margin, we conclude that abstention under *Colorado River* was not warranted here. *Colorado River*, 424 U.S. at 813, 817 (noting that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," and, therefore, abstention "is the exception, not the rule").[3] We

---

[3] When a parallel case exists in state court, a federal court may decline to exercise jurisdiction in "exceptional circumstances, where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River*, 424 U.S. at 813 (citation omitted). In deciding whether to abstain, courts must consider the following factors: "(1) [in an in rem case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 308 (3d Cir. 2009) (citation omitted). The District Court properly concluded that the first and fourth factors favored abstention because the foreclosure action was filed first, and was well underway, *see Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19, 21 (1983) (noting the importance of "assumption by either court of jurisdiction over any res or property" and explaining that "priority should not be measured

5

nevertheless conclude that, with the exception of the claim for abuse of process, the District Court properly dismissed the complaint.

### Declaratory Judgment Claims

The District Court correctly determined that the claims for declaratory judgment, Counts One and Nine, are barred by res judicata in light of *Rogers I*. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted). The elements of claim preclusion include "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Beasley v. Howard,* 14 F.4th 226, 232 (3d Cir. 2021) (citation omitted). Those elements are met here.

---

exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions"). It also correctly concluded that the fifth factor was neutral because both federal and state laws were implicated.

However, the remaining factors do not support abstention. Because the federal and state forums are in close proximity in New Jersey, the second factor was neutral. *See Moses H. Cone*, 460 U.S. at 19 (noting that where both fora are convenient, the second factor is "not present"). As for the third factor, we have recognized that "the 'avoidance of piecemeal litigation' factor is met . . . only when there is evidence of a strong federal policy that all claims should be tried in the state courts." *Ryan v. Johnson*, 115 F.3d 193, 197-98 (3d Cir. 1997). Both the FDCPA and § 1983 allow for federal or state jurisdiction. *See* 15 U.S.C. § 1692k(d); *Martinez v. California*, 444 U.S. 277, 283 n.7 (1980). Finally, although we agree with the District Court that the state forum could adequately protect the parties' interests, that factor "carries little weight." *Ryan*, 115 F.3d at 200 (noting that the adequacy of the state forum is normally relevant only when it would disfavor abstention). Given the heavy presumption in favor of exercising jurisdiction, the balancing of these factors does not provide the "exceptional circumstances, the clearest of justifications" warranting dismissal. *Moses H. Cone*, 460 U.S. at 25 (internal quotation marks omitted).

6

First, *Rogers I* was dismissed with prejudice for failure to comply with Rule 8 and under § 1915(e); contrary to Appellants' argument, that constitutes a "judgment on the merits" for purposes of res judicata. *See Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610 (3d Cir. 2020) (recognizing that "a sanction for failure to follow court rules" qualifies as a "judgment on the merits"); *see id.* at 611 (noting that "[a] dismissal with prejudice operates as an adjudication on the merits, so it ordinarily precludes future claims" (quotation marks and citation omitted)).[4]

Second, Rogers was a named party in *Rogers I*, and Owens, who claimed to be part-owner of the property by virtue of a quitclaim deed, is in privity with Rogers as a successor in interest to the property. *See Taylor*, 553 U.S. at 894; *In re Montgomery Ward*, LLC, 634 F.3d 732, 736-37 (3d Cir. 2011). As for the defendants, Brett Messinger, Onity Group (f/k/a Ocwen Financial Group), PHH Mortgage Corporation (f/k/a Ocwen Loan Servicing LLC (predecessor in interest to PHH), Duane Morris, LLP, and U.S. Bank were named in *Rogers I* and *Rogers II*, and the other defendants who appear to be implicated in Counts One and/or Nine are agents of U.S. Bank, and thus were in privity with it for purposes of res judicata. *See Taylor*, 553 U.S. at 895 (recognizing that nonparty preclusion may be justified where the nonparty is an agent of

---

[4] Although *Rogers I* was dismissed under Rule 8 for failure to properly plead the claims for relief, "[t]hat a complaint cannot be read to make sense does not mean that the 'wrong for which redress is sought' cannot be gleaned." *Micklus v. Greer*, 705 F.2d 314, 316-17 & n.3 (8th Cir. 1983) (citation omitted) (recognizing that "[w]hen Rule 8(a) dismissals are expressly with prejudice, they may have res judicata effect," and noting that "if the plaintiff has 'persisted' in violating the rule, the district court is justified in dismissing with prejudice").

the party); *see also In re Bestwall LLC*, 47 F.4th 233, 244-45 (3d Cir. 2022) (recognizing that privity exists for preclusion purposes "where the interests of the party and nonparty [are] squarely aligned" and one party is acting "in a representative capacity" of the other, such as an agency relationship).

Finally, "the thrust" of Claims One and Nine is "practically identical" to claims brought in *Rogers I* against the same defendants or their predecessors in interest. *Churchill v. Star Enters.*, 183 F.3d 184, 195 (3d Cir. 1999) (focusing on the similarity of the actions, and concluding that res judicata applies if the new allegations "seek[ ] recovery for essentially the same wrongful conduct" or a "single course of wrongful conduct"); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010) (looking not to "the specific legal theory invoked," but to "the *essential similarity* of the underlying events giving rise to the various legal claims" to determine if the lawsuits are based on the same cause of action (emphasis in original and citation omitted)). Appellants sought declaratory judgments, alleging that the mortgage loan is a "fraud in factum" and that attempts to enforce the note and collect on it are illegal, because (1) New Century was not a principal or real party to the mortgage transaction; the credit was provided by an "undisclosed warehouse lender"; (2) New Century never disclosed that the mortgage note was convertible into an electronic record ("e-note") and transferable; (3) the mortgage and promissory notes were never transferred together to the GSAMP Trust with the proper indorsements; and 4) MERS, as nominee for New Century, fraudulently forged assignment of the mortgage note on August 5, 2009, two years after New Century's bankruptcy. *See* ECF No. 4 at 8-32, 71-72, & 107-109. In *Rogers I*, the

8

complaint contained the same allegations regarding the "fraud in factum" loan.  *See*

D.N.J. Civ. No. 1:12-cv-07910, ECF No. 19-1 at 24-27, 60, 62-63, 66, 79, 86-87, 93-96.

Thus, Claims One and Nine are barred by claim preclusion.

Civil Rights Claims

Appellants' claims for violations of their federal civils rights, Counts Ten, Eleven,

and Twelve, also were properly dismissed.  First, as the District Court concluded, their

claims for discrimination under 42 U.S.C. §§ 1981, 1982, 1985, and 1986 are time

barred.  The only allegations which conceivably involve discrimination regard New

Century's actions in issuing the 2006 loan, *see* ECF No. 4 at 30, which occurred outside

both the federal and state statute of limitations.  *See Jones v. R.R. Donnelley & Sons*, 541

U.S. 369, 378, 382 (2004) (recognizing that federal civil rights claims made possible by a

post-December 1, 1990 enactment are governed by the federal four-year statute of

limitations, while "pre-existing causes of action" borrow the forum state's limitation

period for the most analogous claims); N.J. Stat. Ann. § 2A:14–2 (providing a two-year

limitations period for personal injury claims); see also 42 U.S.C. § 1986 (providing a

one-year statute of limitations from the time "the cause of action has accrued").

Second, Appellants failed to state a viable claim under 42 U.S.C. § 1983, which

required that they plausibly allege that the private-actor defendants "willfully

participate[d] in a joint conspiracy with state officials to deprive [them] of a

constitutional right."  *Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998).

Appellants claimed that the defendants conspired with "state actor notary publics (sic)" to

falsely acknowledge documents.  *See* ECF No. 4 at 110-11.  However, a notary public in

9

New Jersey is a commissioned officer authorized to perform "notarial act[s]" that are ministerial in nature, *see* N.J. Stat. Ann. § 52:7-10.1(f), (g), (h), § 52:7-10.7(a), and is not a state actor for purposes of the federal civil rights statutes. *See Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (stating that in distinguishing between state actors and private persons, "[t]he principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself" (citation and internal quotation marks omitted)). Thus, Appellants' civil rights claims were properly dismissed with prejudice.

Remaining Claims

The District Court properly dismissed Appellants' claims for respondeat superior and quiet title (Counts Seven and Thirteen). Respondeat superior is a theory of liability, not a standalone claim for relief. *See Carter v. Reynolds*, 815 A.2d 460, 463 (N.J. 2003). And an action to quiet title cannot be sustained "when [an] action is pending to enforce or test the validity of such title," such as the ongoing state foreclosure action here. N.J. Stat. Ann. § 2A:62-1.

We also agree with the District Court that "nearly all" of Appellants' remaining claims were time barred because they "arose no later than 2015, when the second foreclosure action was filed and plaintiffs' counterclaims were raised." ECF No. 50 at 56-57 (noting that the longest statute of limitations was six years). Appellants' claim for violations of New Jersey's Civil RICO statute (Count Five) is subject to a four-year statute of limitations, which runs from the date a plaintiff first "[knows] or should have known of their injury" and "the source of their [RICO] injury." *Prudential Ins. Co. of*

10

*Am. v. U.S. Gypsum Co.*, 359 F.3d 226, 233 (3d Cir. 2004) (internal quotation marks omitted); *see also Matter of Integrity Ins. Co.*, 584 A.2d 286, 287 (N.J. Super. Ct. 1990) (holding that "New Jersey's 'borrowing' of Federal RICO structure, purpose and remedies justifies . . . 'borrowing' the [ ] federal statute of limitations"). Although Appellants assert that the RICO violations occurred within the last four years, they were aware of the alleged "pattern of racketeering activity" when U.S. Bank filed the second foreclosure complaint, and more than six years before they brought the underlying action. Likewise, Appellants filed the underlying complaint more than two years after they became aware of the bases for their civil conspiracy and intentional infliction of emotional distress claims (Counts Six and Seven). *See* N.J. Stat. Ann. § 2A:14-2. Accordingly, those claims were properly dismissed as time barred.

Appellants' claims for violations of the FDCPA (Count Two), which must be filed "within one year from the date on which the violation occurs," were also untimely filed. 15 U.S.C. § 1692k(d). Appellants alleged that, within one year of the date that they filed the underlying complaint, certain defendants violated the FDCPA through the prosecution of the second foreclosure action, by claiming U.S. Bank owned the mortgage loan, and "through abuse of process by employing false presentation, omissions, forged and unauthenticated evidence." ECF No. 4 at 72, 74; *see also* 15 U.S.C. § 1692e(10) (prohibiting a debt collector from making false, deceptive, or misleading representations in connection with collecting a debt); *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) (holding that the FDCPA applies to lawyers engaged in consumer debt-collection litigation). However, Appellants made similar allegations in their "Amended Answer to

Foreclosure Complaint, Defenses, & Counterclaims," which was filed in the foreclosure proceeding in 2015. *See* ECF No. 26-11. Absent allegations of "specific actions" demonstrating that there are *new* violations of the FDCPA, these claims are time barred. *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1042 (9th Cir. 2023).

Appellants also claimed that certain defendants violated 15 U.S.C. § 1962e by using false, deceptive, and misleading representations in connection with the mortgage loan, including falsely representing the character, amount, or legal status of the loan. They point to a monthly mortgage statement, sent within a year of the filing of the complaint. To state a viable FDCPA claim, Appellants must allege that the defendants' challenged action "involves an attempt to collect a 'debt'" and that defendants "violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Assuming that a monthly mortgage statement can constitute a debt collection communication, *see Daniels v. Select Portfolio Servicing, Inc.*, 34 F.4th 1260, 1271 (11th Cir. 2022), we conclude that the mortgage statement sent here did not. In particular, the statement includes information about the mortgage loan that the Truth in Lending Act (TILA) requires servicers to provide regularly to consumers, but it does not include additional language that amounts to a demand for payment, such as "this is an attempt to collect a debt." *Id.* at 1270-71 (distinguishing between TILA and FDCPA communications); s*ee* 12 C.F.R. § 1026.41 (requiring servicers to send a mortgage statement each billing cycle containing information regarding the amount due, past payment breakdown, transaction activity and delinquency information). To this extent, the claim failed to allege an FDCPA violation.

12

Appellants' NJCFA claim (Count Four) failed to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) for fraud. *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (noting that the NJCFA is subject to Rule 9(b)'s pleading restrictions). To meet that standard, a plaintiff "must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation" in order to put "the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Id.* (citation omitted). Appellants' complaint lacked the necessary precision. It alleged that, "within the last year," five defendants, referred to collectively as "the Debt Collector Defendants," "employed deceptive and unconscionable practices in an attempt to extort monies from [Appellants] towards the [mortgage loan]." ECF No. 4 at 77. While it identified various actions purportedly taken during the prosecution of the second foreclosure action, the complaint did not identify which defendants took those actions or, if so, precisely when. Therefore, the claim was properly dismissed for failure to state a claim for relief.

Finally, Appellants based their claim for malicious abuse of process (Count Three) on certain defendants' actions in procuring relief following the entry of an order in the foreclosure proceedings on November 27, 2023. *See Hoffman v. Asseenontv.Com, Inc.*, 962 A.2d 532, 541 (N.J. Super. Ct. App. Div. 2009) (noting that "[t]he tort of malicious abuse of process lies not for commencing an improper action, but for misusing or misapplying process after it is issued"). Those actions, which allegedly included filing false and forged pleadings, were taken after the matter was remanded from the Superior Court in 2020, and thus the claim was timely filed within the six-year statute of

13

limitations.  *See* N.J. Stat. Ann. § 2A:14–1.  The District Court erred by holding otherwise.

Based on the foregoing, we will affirm the District Court's judgment in all respects except for its dismissal of the claim for malicious abuse of process (Count Three).  As to that claim, we will vacate the District Court's judgment and remand the matter for further proceedings consistent with this opinion.[5]

---

[5] Our decision does not preclude the defendants from renewing their collateral estoppel defense; the parties may litigate whether the abuse of process claim is barred by collateral estoppel in light of the Chancery Division's June 23, 2025 Summary Judgment Order in the foreclosure proceeding.  *See Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 172 (3d Cir. 1999) (recognizing "[t]he general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action" (citation omitted)); *see also In re Brown*, 951 F.2d 564, 570 (3d Cir. 1991) (concluding, under New Jersey law, that "[t]he summary judgment [in the state foreclosure proceeding] is sufficiently final so that it should be given preclusive effect as to the matters considered and decided in that phase of the controversy between the Browns and the bank").